IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERVING BOND, Inmate #16203-083,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 05-586-DRH** |
| ) | |
| **RANDY J. DAVIS, et. al,** ) | |
| ) | |
| **Respondent.** ) | |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner, an inmate in the United States Penitentiary in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241.

Petitioner seeks release from prison because his constitutional rights have been violated. Plaintiff states that he was taken to the Special Housing Unit ("SHU") "for an assault" in which he broke his hand. Plaintiff states that while in the SHU, Plaintiff got into an argument with a Corrections Officer. As a result, Plaintiff was removed, against his will, from the SHU and put back into the general population, but in a unit designated "for prisoners who expose themselves to female staff." Plaintiff states that he had not exposed himself, and therefore his confinement in this unit within the general population constitutes cruel and unusual punishment and violates his due process rights.

Petitioner brings this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. However, where a prisoner is challenging the conditions under which he is being held, he must proceed in federal court under a civil rights action. *See Glaus v. Anderson*, 408 F.3d 382, 386 (7th

Cir. 2005). As a federal inmate, Petitioner would have to proceed pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Here, Petitioner is challenging his confinement in a specific unit in the prison. Although he states that he is seeking release from custody entirely, release is not an available remedy for violations of the Eighth Amendment's prohibition against cruel and unusual punishment. *See Glaus, 408 F.3d at 387; Crawford v. Bell*, 599 F.2d 890, 891 (9th Cir. 1979). As such, Petitioner cannot obtain the relief he desires through § 2241.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.

Therefore, the Court is unable to provide the relief sought. Accordingly, this habeas corpus action is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**DATED:** September 21, 2005.

/s/     David RHerndon
**DISTRICT JUDGE**